**Ronald Floyd WHITE, Appellant,**

v.

**Stephen H. SCHIWETZ, Appellee.**

**No. 13–89–112–CV.**

Court of Appeals of Texas, Corpus Christi.

May 31, 1990.

Ronald Floyd White, pro se.

Richard Crews, Jr., Thomas Nye, Brin & Brin, Corpus Christi, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

■ Ronald Floyd White appeals from a summary judgment granted in favor of Stephen Schiwetz. By examining the transcript before us, we conclude that White did not perfect his appeal; therefore, we do not have jurisdiction to consider the merits of White's complaints regarding the summary judgment. The chronology of events follows:

*April 4, 1988.* White filed a legal malpractice suit against Schiwetz. He also filed, pursuant to Tex.R.Civ.P. 145, a motion to proceed *in forma pauperis* ("IFP") accompanied by an affidavit of indigency. The affidavit was uncontested.

*January 6, 1989.* The trial court granted Schiwetz' motion for summary judgment.

*January 11, 1989.* In the trial court, White filed a notice of appeal.

*April 20, 1989.* In this Court, White filed a motion to proceed IFP. The motion is *not* accompanied by an affidavit of indigency.

■ The perfection of an appeal is a prerequisite to invoking the jurisdiction of an appellate court. There are four ways to perfect a civil appeal: (1) by timely filing an appeal bond; (2) by timely depositing cash; (3) by timely filing an affidavit of inability to pay costs on appeal or give security therefor (if the affidavit is contested, when the contest is overruled); (4) by timely filing written notice of appeal if a statutory exemption for costs applies. *Stevens v. McClure,* 732 S.W.2d 115, 116 (Tex. App.—Amarillo 1987, no writ); Tex.R. App.P. 40(a)(1), 40(a)(2). An affidavit in lieu of bond must be filed within thirty days after the judgment is signed, or, if a timely motion for new trial has been filed, within ninety days after the judgment is signed. Tex.R.App.P. 41(a)(1); *see also Villarreal v. H.E. Butt Grocery Co.,* 742

S.W.2d 725, 726 (Tex.App.—Corpus Christi 1987, writ dism'd w.o.j.).

In the present case, because the summary judgment was signed on January 6, 1989 and no motion for new trial was filed, White had thirty days to file an affidavit of indigency (until February 5, 1989). We conclude that White did not timely file an affidavit as contemplated by the appellate rules which state, in relevant part:

> When the appellant is unable to pay the cost of appeal or give security therefor, he shall be entitled to prosecute an appeal or writ of error by *filing with the clerk*, within the period prescribed by Rule 41 [thirty days after judgment is signed absent a motion for new trial], his *affidavit stating that he is unable to pay the costs of appeal* or any part thereof, or to give security therefor.

Tex.R.App.P. 40(a)(3)(A) (emphasis added).

Unquestionably, White's motion to proceed IFP which he filed with this Court does not satisfy the requirements of Appellate Rule 40(a)(3)(A) for several reasons. It was not filed with the clerk, it was not filed within thirty days of the signing of the judgment, and it does not contain an affidavit of indigency.

The more difficult question, however, is whether White's affidavit to proceed IFP *at trial* will qualify as a prematurely filed document under Tex.R.Civ.P. 306c and Tex. R.App.P. 58(a).

When White filed his lawsuit, he also filed an affidavit of indigency to avoid paying the costs of the original action. The controlling rule of civil procedure states, in relevant part:

> In lieu of filing security for costs of an *original action,* a party who is unable to afford said costs shall file an affidavit as herein described....
>
> ... After service of citation, the defendant may contest the affidavit by filing a written contest giving notice to all parties, provided that temporary hearings will not be continued pending the filing of the contest....

Tex.R.Civ.P. 145 (emphasis added).

The appellate rule concerning prematurely filed documents and their application to subsequent proceedings follows:

> Proceedings *relating to an appeal* need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied.

Tex.R.App.P. 58(a) (emphasis added).

Appellate Rule 58(a) has been used by this Court and other courts of appeal to allow motions for new trial, filed prior to the entry of a corrected judgment, to "relate forward" to the corrected judgment for the purpose of extending the time for filing an appeal bond from thirty to ninety days. *See Syn–Labs, Inc. v. Franz,* 778 S.W.2d 202 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Clark v. McFerrin,* 760 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1988, writ denied); *Miller v. Hernandez,* 708 S.W.2d 25 (Tex.App.—Dallas 1986, no writ). Relying upon Tex.R.Civ.P. 306c (allowing an early filed motion for new trial or request for findings of fact and conclusions of law to be deemed filed subsequent to but on the same day as the day the judgment was signed), the early filed motions for new trial were held to be prematurely filed documents and effective, under Appellate Rule 58(a), to extend the appellate timetable.

Rule 306c and Appellate Rule 58(a) have also been used to allow cost bonds which were filed in conjunction with a nonappealable interlocutory order to "relate forward" and be applied to the subsequent appeal from the appealable final judgment, so long as only one appeal is involved. *See Yoast v. Yoast,* 649 S.W.2d 289, 291 (Tex. 1983); *Ragsdale v. Progressive Voters League,* 730 S.W.2d 176 (Tex.App.—Dallas 1987, no writ); *Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 706 (Tex. App.—Houston [1st Dist.] 1986, no writ).

The cases involving motions for new trial as well as the cases involving cost bonds are distinguishable from the present facts. First, White's Rule 145 affidavit is *not* a document relating to appeal. It was not filed prematurely because it concerned costs of trial, not costs of appeal. We find

it compelling that White's Rule 145 affidavit was *not a proceeding relating to appeal* as expressly contemplated by Appellate Rule 58(a).

Second, unlike a cost bond or motion for new trial, an affidavit of indigency under Appellate Rule 40(a) triggers its own "internal" timetable. That is, when the affidavit is filed, interested parties are given a statutory right to contest the appellant's indigency status, and this right extends for ten days after notice of the filing of the affidavit. *See* Tex.R.App.P. 40(a)(3)(C). Conversely, the filing of a motion for new trial or the filing of a cost bond is not a triggering event giving interested parties an express right to act in a limited period of time.

 Third, White's Rule 145 affidavit does not comport with the express requirements of Appellate Rule 40(a)(3)(A), namely, that he is unable to pay the *costs of appeal.* This fact is significant because past decisions regarding one's indigency status are not determinative of one's present financial condition. *See Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988) *cert. denied,* 488 U.S. 931, 109 S.Ct. 322, 102 L.Ed.2d 339 (1988) (applying Tex.R. Civ.P. 145). Although no contest was launched against White's claim of trial indigency filed in April 1988, interested parties had a separate statutory right, under Appellate Rule 40(a)(3)(C), to challenge his claim of appellate indigency in February 1989. If the earlier affidavit were to "relate forward," we would be denying interested parties their statutory right to contest his indigency status.

We acknowledge the Texas Supreme Court's resolve to liberally construe indigency provisions in favor of the right to appeal. *See Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987). Nonetheless, we cannot ignore the appellate rules altogether. If we were to find that White's appeal was perfected, we would go far beyond a liberal interpretation of the rules and venture into a redrafting of the rules. This we cannot do.

Because jurisdiction is fundamental and may not be ignored, we must inquire into it even if necessary to do so *sua sponte. Hampton v. State Farm Mut. Auto. Ins. Co.,* 778 S.W.2d 476, 478 (Tex. App.—Corpus Christi 1989, no writ); *Welder v. Fritz,* 750 S.W.2d 930, 932 (Tex.App. —Corpus Christi 1988) (orig. proceeding). Consequently, we must deny White's motion to proceed IFP and DISMISS the appeal for want of jurisdiction.

UTTER, J., not participating.