**Andrew Gerard BENYO, Appellant,**

v.

**David HEM and Lek Hem Hay, Appellees.**

**No. 01–92–00147–CV.**

Court of Appeals of Texas, Houston.

July 9, 1992.

715

Russell T. Van Keuren, Houston, for appellant.

David E. Lueders, Houston, for appellee.

Before SAM BASS, DUGGAN and COHEN, JJ.

1. The motion contains the following language: SUBSCRIBED AND SWORN TO by [counsel's printed name] on this the 15 day of December, 1991.
   /s/ [counsel's signature]
   [counsel's printed name]

OPINION

PER CURIAM.

This appeal arises from an automobile accident occurring in September 1988. Benyo's suit for personal injury was dismissed for lack of prosecution. Benyo appeals, contending that the dismissal was an abuse of the trial court's discretion or, in the alternative, that the trial court erred in not granting him a new trial. We reach neither of those questions. Appellees have moved to dismiss this appeal for lack of jurisdiction. Because Benyo neither properly perfected his appeal nor attempted to do so prior to the applicable deadline, we dismiss.

On December 9, 1991, the trial court signed its written order dismissing the suit for want of prosecution. Appellant's counsel promptly filed a motion to reinstate the case. Counsel signed the motion and purported to swear to its accuracy,[1] but there was no verification before a notary public, as required by TEX.R.CIV.P. 165a(3). Oral hearing on that motion took place on January 8, 1992 and, because the motion was not properly verified, it was denied. *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex.1990) (to grant an unverified motion to reinstate is an abuse of discretion). Before the close of the hearing, appellant's counsel immediately orally moved to amend the motion to reinstate, which the trial court summarily denied without comment and without any stated reason or rationale.

On January 21, 1992, appellant filed an untimely motion for new trial. The record contains no written order on that motion. Appellant filed his appeal bond on February 18, 1992. Appellees contend that that bond was untimely filed. We agree.

To perfect an appeal, a cost bond—or substitute as permitted under the rules—must be filed within 30 days after the judgment is signed, or within 90 days after the judgment is signed if a timely motion for new trial is filed by any party. TEX.

The remainder of the motion consisted exclusively of the certificate of service required under TEX.R.CIV.P. 21.

R.APP.P. 41(a). A motion for new trial is timely only if filed within 30 days after the judgment or other order complained of is signed. TEX.R.CIV.P. 329b(a).

 Appellant's motion for new trial was due to be filed on or before 30 days from December 9, 1991—namely, on or before Wednesday, January 8, 1992. Since it was filed beyond the applicable deadline, appellant's motion for new trial was a nullity, *Pampell v. Pampell*, 699 S.W.2d 355, 357 (Tex.App.—Austin 1985, no writ), and did not operate to extend the time for filing the cost bond, *Autry v. Autry*, 605 S.W.2d 625, 626 (Tex.App.—Houston [1st Dist.] 1980, writ dism'd w.o.j.). Under TEX. R.APP.P. 41(a), appellant's cost bond was therefore due to be filed on or before January 8, 1992.

 As filed, appellant's motion to reinstate does not alter the foregoing calculation. A proper and timely motion for reinstatement has the same effect as a motion for new trial in respect to extending the time for perfecting an appeal to within 90 days after the order of dismissal is signed. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986). An unverified motion to reinstate does not have that effect, however, and cannot operate to extend the appellate timetable under TEX. R.APP.P. 41(a). *Id.; see also Hales v. Chubb & Son, Inc.,* 708 S.W.2d 597, 598 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Appellant's cost bond was due to be filed on or before January 8, 1992. The cost bond filed on February 18, 1992 was untimely.

 The timely filing of a cost bond is jurisdictional. *Gonzalez v. Doctors Hospital—East Loop,* 814 S.W.2d 536, 537 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Young v. Kilroy Oil Co. of Texas, Inc.,* 673 S.W.2d 236, 242 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). Where a *defective* cost bond or other instrument is filed within the applicable time limit in a bona fide attempt to invoke the jurisdiction of the court of appeals, the court does acquire jurisdiction. *Grand Prairie In-*

*dep. School Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991); *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570 (Tex.1975). In such an instance, the appeal may nevertheless be dismissed, but only if the appellant is first given an opportunity to amend the instrument and correct the error. *Grand Prairie,* 813 S.W.2d at 500. Where *no* cost bond or other such instrument is filed within the applicable time limit, however, there is nothing for the appellant to amend, and in such an instance a court of appeals has no jurisdiction over the appeal. *See McDonald v. Newmyer,* 775 S.W.2d 652, 653 (Tex.App.—Houston [1st Dist.] 1989, writ denied); *Wadkins v. Diversified Contractors,* 714 S.W.2d 136, 137 (Tex.App.—Houston [1st Dist.] 1986, no writ). That is the case here. This appeal must be, and hereby is, DISMISSED FOR LACK OF JURISDICTION.

It is so ORDERED.