Johnson-DD v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-005-CV

     DARRELL DEWAYNE JOHNSON,
                                                                                              Appellant
     v.

     JAMES A. COLLINS, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 27369
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Darrell Johnson attempts to appeal from the result of an October 1994 Department of Criminal
Justice Institutional Division disciplinary proceeding against him. Because we do not have
jurisdiction over any proceeding involving him, we dismiss this cause.
      Johnson initiated this cause in January, 1995, when he submitted two documents—a
"Discretion Review Without Petition" and a "Motion to Leave in Proceed's to File Writ." With
these documents he sent his copies of the original paperwork from the disciplinary proceeding
against him and his three-step administrative appeal from the punishment imposed. Our clerk
returned all of the documents, notifying Johnson that this was not the proper court for his filing. 
Johnson, however, persisted and immediately resubmitted the documents. Upon this second filing,
our clerk docketed Johnson's "appeal," assigned it a cause number, and requested a transcript
from the trial court. 
      After receipt of the record from the court below, our clerk notified Johnson that it appeared
the appeal was not duly perfected. See Tex. R. App. P. 56(a), 60(a)(2). Johnson was warned by
the letter that the appeal might be dismissed unless he could amend the record to show our
jurisdiction. In response, Johnson filed two more documents, each entitled "Motions, Briefs,
Argument and Submission in the Court of Appeals or Writ of Error in the Supreme Court of Texas
No. ___." After carefully reviewing all of the documents submitted by Johnson, we are unable
to determine with precision what relief he is seeking and from what proceeding he is attempting
to appeal.
      Out of an abundance of caution, we have inspected the record provided by the trial court from
a prior proceeding, cause number 27369, that terminated with a dismissal order dated December
14, 1992. The clerk of the trial court assures us that there are no other proceedings in that court
involving Johnson. If he is attempting to appeal from the order dismissing his prior petition, his
attempt to appeal is untimely and we do not have jurisdiction. See Tex. R. App. P. 41(a); Benyo
v. Hem, 833 S.W.2d 714, 716 (Tex. App.—Houston [1st Dist.], no writ).
      If, as we suspect, he is attempting to appeal from the result of the October 1994 disciplinary
proceeding, he has failed to follow the proper procedure to gain relief from his punishment. We
sit as a reviewing court, having jurisdiction to consider complaints relating to final judgments of
the lower courts. See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1986). "[T]here
[must] be a trial in the inferior court [that] result[s] in a final judgment . . . before appellate
jurisdiction may attach." Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 646 (1933). Here,
there is no lower court proceeding for us to review. Thus, at this time, we have no authority over
any proceeding involving Johnson.
       Therefore, we dismiss this cause for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed March 15, 1995
Do not publish