Abel NATIVIDAD, Jr., Artemio Contreras, and Susan Fuentes, Appellants,

v.

FORD MOTOR COMPANY, INC., and Shamaley Ford, Inc., Appellees.

No. 08–95–00036–CV.

Court of Appeals of Texas, El Paso.

March 30, 1995.

Randy Cleveland, Eva Marie Leahey, Leahey Law Offices, P.C., Monahans, Robert Leahey, Odessa, for appellants.

Michael W. Eady, John Coates, Austin, for appellees.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

McCLURE, Justice.

### NATURE OF THE CASE

This is an appeal from summary judgment. The Appellants seek leave to file the transcript in this Court. The Appellees object to the filing on the grounds that it is untimely, and seek dismissal of the appeal. We dismiss the appeal.

### I. SUMMARY OF THE EVIDENCE

The trial court granted summary judgment on all claims and as to both defendants on November 4, 1994. Appellants filed their notice of appeal with the District Clerk of Reeves County on December 5, 1994. An appeal bond was filed on January 3, 1995. The transcript was received in this Court on January 23, 1995. No motion for extension of time to file transcript was filed with this Court. No motion for new trial or equivalent was filed in the trial court.

### II. DISCUSSION

■ Although the appeal was defectively perfected by notice of appeal rather than by cost bond or affidavit of inability to pay costs on appeal, the notice of appeal represented a "bona fide attempt" to invoke appellate jurisdiction. *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994); *In the Matter of C.F.*, 897 S.W.2d 464, 468 (Tex.App.—El Paso, 1995). Therefore, this Court has jurisdiction of the appeal, and the later filing of an appeal bond corrected the defective perfection of the appeal. *Linwood*, 885 S.W.2d at 103; *In the Matter of C.F.*, 897 S.W.2d at 468.

■ What this Court does not have, however, is the ability to view the merits of the appeal, because the transcript was untimely filed. The transcript on appeal is due sixty days from the date the judgment is signed. Tex.R.App.P. 54(a). Upon the filing of a

476

timely motion for new trial or equivalent, the transcript is due one hundred twenty days after the judgment is signed. *Id.* The due date for the transcript is extendable upon the filing of a motion for extension of time to file transcript filed in a court of appeals, if such motion is filed not later than fifteen days after the transcript was due. TEX.R.APP.P. 54(c). The transcript in this case was due January 3, 1995. Any motion for extension of time to file the transcript was due on or before January 18, 1995. The transcript was received in this Court on January 23, 1995, and is therefore untimely. TEX.R.APP.P. 54(a) & (c).

An untimely filed transcript does not affect the jurisdiction of this Court, but is grounds for dismissal of the appeal, affirmance of the judgment below, to disregard the contents of the transcript, or to apply presumptions against an appellant. TEX. R.APP.P. 54(a); *see Office of Public Utility Counsel v. Public Utility Comm'n,* 878 S.W.2d 598, 599 (Tex.1994) (per curiam); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982); *Migura v. Migura,* 730 S.W.2d 18, 19 (Tex.App.—Corpus Christi 1987, no writ). As this is an appeal from summary judgment, all things relevant to the review of the judgment, including pleadings, the motion for summary judgment, summary judgment evidence, any response to the motion for summary judgment, evidence in support of the response, and the judgment itself, are contained in the transcript. Nothing contained in the untimely transcript can be considered by this Court. TEX.R.APP.P. 54(a); *see Office of Public Utility Counsel,* 878 S.W.2d at 599. Because we cannot review the merits of this appeal, it must be dismissed.