Bunns v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-102-CV

     HAROLD BUNNS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 94-06-14,618-CV
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Harold Bunns attempts to appeal from a default judgment establishing his paternity of a child
and ordering child-support payments. A family law master heard the motion to establish the
parent-child relationship and entered his findings and recommended order on August 17, 1994. 
See Tex. Gov't Code Ann. §§ 54.005, 54.007 (Vernon 1988). The trial court adopted the
master's order as its judgment on August 25. See id. § 54.011. Because Bunns failed to perfect
his appeal, we will dismiss for want of jurisdiction.
      The court signed its final judgment on August 25. Bunns wrote a letter to the clerk of the
court, filed on September 26, stating that he wished to "appeal this decision" and requesting that
the court order a paternity test. On November 30 he filed a "Petition For An Appeal," requesting
unspecified relief from the trial court. The attorney general's office filed a motion in opposition
to Bunns' request for an appeal, interpreting the petition as a challenge to the master's report. See
id. § 54.012. On February 6, 1995, Bunns filed a "Motion to Grant Appeal" with the trial court,
requesting that the court "[b]ench warrant [him] back to Robertson County for an appeal hearing
[and] order a paternity test." Finally, in a letter to clerk filed April 11, Bunns requested
information concerning the court's disposition of the motion and stated that "I understand that
there is a time frame involved in an appeal [and] I want to be able to meet the guidelines of an
appeal."
      Perfecting an appeal is a requirement to invoke our jurisdiction. See Welch v. McDougal, 876
S.W.2d 218, 220-22 (Tex. App.—Amarillo 1994, writ denied); El Paso Sharky's v. Amparan, 831
S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ denied). A civil litigant who is not exempt from
paying costs may perfect an appeal in one of three ways—filing a cost bond, filing a cash deposit
for costs, or filing an affidavit stating that he is unable to pay the costs of the appeal. Tex. R.
App. P. 40(a)(1), (a)(3); White v. Schiwetz, 793 S.W.2d 278, 279 (Tex. App.—Corpus Christi
1990, no writ). However, we may acquire jurisdiction over a cause when the appellant files an
instrument which does not comply with the rules but is a bona fide effort to invoke our
jurisdiction. See Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994). In such event, we
have jurisdiction to allow the appellant the opportunity to properly perfect the appeal. See id. 
Regardless of the method of perfection or attempted perfection, absent an extension of time, the
instrument must be filed within thirty days of the judgment. See Tex. R. App. P. 41(a)(1); Benyo
v. Hem, 833 S.W.2d 714, 716 (Tex. App.—Houston [1st Dist.], no writ).
      After examining the documents filed by Bunns, we conclude that none are sufficient to invoke
the jurisdiction of this court. Clearly, no document strictly meets the requirement for either a cash
deposit, a cost bond or an affidavit of inability to pay costs. See Tex. R. App. P. 40(a)(1), (a)(3). 
Nor are any of these documents a bona fide attempt to invoke the jurisdiction of this court. See
Linwood, 885 S.W.2d at 103. All are addressed to the trial court and request relief from that
court. No document indicates that Bunns is attempting to take his complaints to a higher court.
      The clerk of this court notified Bunns that the transcript did not demonstrate that his appeal
had been duly perfected. See Tex. R. App. P. 56(a), 60(a)(2). He has not responded. Thus, even
though given the opportunity to cure the defect, he has failed to demonstrate that he properly
perfected this appeal. See id. 41(a)(1), 83.
      Therefore, we dismiss this cause for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed June 14, 1995
Do not publish