TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00323-CV







Ole S. Petersen, Appellant



v.



Bob Owens, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 93-11354, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







PER CURIAM


 Appellant Ole S. Petersen seeks to appeal from an order of the district court of
Travis County dismissing his claims against appellee Bob Owens, a division director of the Texas
Department of Criminal Justice. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp.
1995). On May 31, 1995, the Clerk of this Court filed Petersen's "Motion for Relief on Appeal"
and docketed the appeal. (1) See Tex. R. App. P. 18, 57(a). Owens has filed a motion to dismiss
the appeal on the basis that Petersen did not timely perfect his appeal. We will grant the motion
and dismiss the appeal.

 Petersen was required to perfect his appeal by May 17, 1995. (2) Tex. R. App. P.
41(a). The transcript was then due to be filed in this Court by June 16; a motion for an extension
of time was due no later than July 3. Tex. R. App. P. 54(a), (c). On June 7, Petersen apparently
tendered a notice of appeal and affidavit of inability to pay the costs of appeal to the district clerk
of Travis County. By letter dated June 19, Petersen notified the Clerk that he filed an affidavit
of inability to pay court costs on September 13, 1993. See Tex. R. Civ. P. 145. However, to
date this Court has not received either a transcript or a motion to extend the time within which
to file the transcript.

 An appellate Court may dismiss an appeal for failure to file the transcript. 
Natividad v. Ford Motor Co., 897 S.W.2d 475, 476 (Tex. App.--El Paso 1995, no writ); Western
Credit Co. v. Olshan Enters., Inc., 714 S.W.2d 137, 138 (Tex. App.--Houston [1st Dist.] 1986,
no writ). Furthermore, without a transcript, the record before this Court does not show that
Petersen timely filed a cost bond or affidavit of inability to pay the costs of appeal or made a cash
deposit with the district clerk of Travis County and thus, timely perfected his appeal. He may not
rely on the affidavit to proceed without paying the costs at trial to perfect his appeal. White v.
Schiwetz, 793 S.W.2d 278, 280 (Tex. App.--Corpus Christi 1990, no writ). If Petersen has not
timely perfected an appeal, this Court has not acquired jurisdiction over the appeal. Gonzalez v.
Doctors Hosp.-E. Loop, 814 S.W.2d 536, 537 (Tex. App.--Houston [1st Dist.] 1991, no writ);
White, 793 S.W.2d at 281; see Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978) (filing cost
bond is necessary and jurisdictional step to taking appeal). Accordingly, we grant Owens's
motion to dismiss the appeal and dismiss Petersen's motion for relief on appeal.

 The appeal is dismissed.


Before Justices Powers, Kidd and B. A. Smith

Dismissed on Appellee's Motion

Filed: August 16, 1995

Do Not Publish

1. [1]  At that time, the Clerk notified Petersen, by letter, that an appeal is properly perfected in
compliance with Texas Rules of Appellate Procedure 40 and 41 and that, unless he complied with
these rules, the appeal was subject to dismissal for want of jurisdiction. See Tex. R. App. P.
60(a)(2).
2. [2]  Petersen states in his motion that the trial court signed the judgment on May 2. Owens's
sworn motion states that the judgment was signed on April 17 and is accompanied by a copy of
an order of dismissal signed that day. We have calculated the due dates from April 17 but have
waited until after the passage of the due dates based on a May 2 judgment to dismiss the appeal.