Kennedy-M v. Collins 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-154-CV

     MICHAEL KENNEDY,
                                                                                              Appellant
     v.

     JAMES A. COLLINS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 26,377
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Michael Kennedy attempts to appeal from an order dismissing his in forma pauperis lawsuit
against James A. Collins, Director of the Texas Department of Criminal Justice-Institutional
Division. Tex. Civ. Prac. & Rem. Code Ann. 13.001 (Vernon Supp. 1996). Although the court
signed the order on November 9, 1992, Kennedy did not attempt to appeal until May 23, 1996,
when he filed a notice of appeal. Because his action was untimely, we dismiss this attempted
appeal for want of jurisdiction. Tex. R. App. P. 41(a)(1), 56(a), 60(a)(2).
      A civil litigant who is not exempt from paying costs may perfect an appeal in one of three
ways—filing a cost bond, filing a cash deposit for costs, or filing an affidavit stating that he is
unable to pay the costs of the appeal—within thirty days of the judgment. Id. 40(a)(1), (3); White
v. Schiwetz, 793 S.W.2d 278, 279 (Tex. App.—Corpus Christi 1990, no writ). There are three
methods by which an appellant may extend the thirty-day deadline for perfecting an appeal: (1)
filing an appropriate motion, i.e., a motion for new trial or a request for findings of fact and
conclusions of law, Tex. R. App. P. 41(a)(1); (2) requesting an extension of time from this court,
id. 41(a)(2); or (3) timely filing an instrument that is a "bona fide attempt" to invoke the
jurisdiction of the appellate court, Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994).


 
The key is that the filing must be timely, dependent upon the method utilized. Tex. R. Civ. P.
329b(a) (motion for new trial must be filed with thirty days after the judgment or other order is
signed); id. 296 (request for finding of facts and conclusions of law must be filed within twenty
days after the judgment is signed); Tex. R. App. P. 41(a)(2) (request for extension of time must
be filed within fifteen days after the last day that the appeal could be perfected); Benyo v. Hem,
833 S.W.2d 714, 716 (Tex. App.—Houston [1st Dist.] 1992, no writ) (bona fide attempt must
itself be timely).
      Kennedy attempted to perfect this appeal three years, six months and fourteen days after the
judgment was signed, more than three years and five months too late. On July 15, our clerk
notified him that the transcript did not demonstrate that his appeal had been duly perfected. Tex.
R. App. P. 56(a), 60(a)(2), 83. He has not responded. Thus, even though given the opportunity
to attempt to cure the defect, he has failed to demonstrate that he timely perfected this appeal or
that he has an excuse for not perfecting the appeal within thirty days of the judgment. Id. 41(a)(1),
83.
       Therefore, we dismiss this cause for want of jurisdiction.
                                                                               PER CURIAM

Before   Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed August 14, 1996
Do not publish



s of the jury." See Kipp, 876 S.W.2d at 339; Adanadus v. State, 866 S.W.2d 210, 227 (Tex.
Crim. App. 1993), cert. denied, 510 U.S. 1215, 114 S.Ct. 1338 (1994). Furthermore, the trial
court's sustaining the objection and promptly instructing the jury to disregard the statement cured
any error, assuming, arguendo, any error occurred. Moody v. State, 827 S.W.2d 875, 890 (Tex.
Crim. App.), cert. denied, 506 U.S. 839, 113 S.Ct. 119 (1992). Because Detective Chambers'
statement was but a brief mention of an extraneous act involving Christensen, to which
Christensen had his objection sustained and received his requested instruction to the jury to
disregard the statement, we find the trial court did not abuse its discretion in overruling
Christensen's motion for mistrial. Kipp, 876 S.W.2d at 339. Christensen's third point is
overruled.
          In his final point of error, Christensen contends the trial court erred in overruling his
motion for mistrial made after a question posed to Detective Chambers which required speculation
on the detective's part. Christensen complains of the following:
[STATE:] In your investigation of this matter, did it appear to you that once this
unidentified black male stood at the door and Mr. Christensen went on in that the
defendant had opportunities to set off any alarms or anything like that?
 
[DEFENSE]: Your Honor, I object. That calls for speculation.
 
THE COURT: Sustained.
 
[DEFENSE]: Ask the jury be instructed to disregard that question's implication.
 
THE COURT: Instruct the jury to disregard the last question for any purpose.
          Whether a mistrial should be granted because an improper question has been posed to a
witness is subject to the same standard as reference to an extraneous offense involving the
defendant: a mistrial must be granted if the improper question was meant to inflame the jury and
the impression the question produced cannot be cleared from the jurors' minds. Adanadus, 866
S.W.2d at 227. Unless the question was of such a nature, then the asking of an improper question
alone will not justify the trial court's granting a mistrial. Id.
          In the present situation, the State's question was not of such character as to inflame the
minds of the jury and require a mistrial. Furthermore, the trial court's prompt instruction to the
jury to disregard cured any error, if in fact any occurred. Once again, we conclude that the trial
court did not abuse its discretion in denying Christensen's motion for mistrial. Kipp, 876 S.W.2d
at 339. Christensen's fourth point of error is overruled.
          On appeal, the State raises one cross-point. The State asks that, in the event we find
reversible error based on any of Christensen's points of error, we reverse the trial court's ruling
excluding evidence that Christensen had previously been involved in a similar occurrence the year
before where he was forced, at gunpoint, by two unidentified black men to rob another Pizza Hut
in the Waco area. Because no error occurred in the trial court, we overrule the State's cross-point
as moot.
          The judgment is affirmed.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 6, 1996
Do not publish