Young-C v. Garner, et al 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-155-CV

     CHARLES YOUNG,
                                                                                              Appellant
     v.

     JACK GARNER, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 26,629
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Charles Young attempts to appeal from an order dismissing his in forma pauperis lawsuit
against Jack Garner and other officials of the Texas Department of Criminal Justice, Institutional
Division. Tex. Civ. Prac. & Rem. Code Ann. 13.001 (Vernon Supp. 1996). Although the court
signed the order on October 12, 1995, Kennedy did not attempt to appeal until June 27, 1996, over
eight months later. Because his action was untimely, we dismiss this attempted appeal for want
of jurisdiction. Tex. R. App. P. 41(a)(1), 56(a) 60(a)(2).
      A civil litigant who is not exempt from paying costs may perfect an appeal in one of three
ways—filing a cost bond, filing a cash deposit for costs, or filing an affidavit stating that he is
unable to pay the costs of the appeal—within thirty days of the judgment. Id. 40(a)(1), (3); White
v. Schiwetz, 793 S.W.2d 278, 279 (Tex. App.—Corpus Christi 1990, no writ). There are three
methods by which an appellant may extend the thirty-day deadline for perfecting an appeal: (1)
filing an appropriate motion, i.e., a motion for new trial or a request for findings of fact and
conclusions of law, Tex. R. App. P. 41(a)(1); (2) requesting an extension of time from this court,
id. 41(a)(2); or (3) timely filing an instrument that is a "bona fide attempt" to invoke the
jurisdiction of the appellate court, Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994).


 
The key is that the filing must be timely, dependent upon the method utilized. Tex. R. Civ. P.
329b(a) (motion for new trial must be filed with thirty days after the judgment or other order is
signed); id. 296 (request for finding of facts and conclusions of law must be filed within twenty
days after the judgment is signed); Tex. R. App. P. 41(a)(2) (request for extension of time must
be filed within fifteen days after the last day that the appeal could be perfected); Benyo v. Hem,
833 S.W.2d 714, 716 (Tex. App.—Houston [1st Dist.] 1992, no writ) (bona fide attempt must
itself be timely).
      Young attempted to perfect this appeal eight months and fifteen days after the judgment was
signed, more than seven months too late. On July 15, our clerk notified Young that the transcript
did not demonstrate that his appeal had been duly perfected. Tex. R. App. P. 56(a), 60(a)(2), 83. 
He has not responded. Thus, even though given the opportunity to cure the defect, he has failed
to demonstrate that he timely perfected this appeal or that he has an excuse for not perfecting the
appeal within thirty days of the judgment. Id. 41(a)(1), 83.
       Therefore, we dismiss this cause for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed August 14, 1996
Do not publish