Niswanger v. Niswanger 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-229-CV

     WILLIAM LEE NISWANGER,
                                                                                              Appellants
     v.

     CHERIEA DIAN NISWANGER,
                                                                                              Appellees
 

From the 13th District Court
Navarro County, Texas
Trial Court # 96-00-06252-CV
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      William Niswanger attempts to appeal from a divorce decree ending his marriage to Cheriea
Niswanger. Although the court signed the judgment on July 8, 1996, William did not attempt to
appeal until September 16, 1996, more than two months later. Because his action was untimely,
we dismiss this attempted appeal for want of jurisdiction. Tex. R. App. P. 41(a)(1), 56(a)
60(a)(2).
      A civil litigant who is not exempt from paying costs may perfect an appeal in one of three
ways—filing a cost bond, filing a cash deposit for costs, or filing an affidavit stating that he is
unable to pay the costs of the appeal—within thirty days of the judgment. Id. 40(a)(1), (3); White
v. Schiwetz, 793 S.W.2d 278, 279 (Tex. App.—Corpus Christi 1990, no writ). There are three
methods by which an appellant may extend the thirty-day deadline for perfecting an appeal: (1)
filing an appropriate motion, i.e., a motion for new trial or a request for findings of fact and
conclusions of law, Tex. R. App. P. 41(a)(1); (2) requesting an extension of time from this court,
id. 41(a)(2); or (3) timely filing an instrument that is a "bona fide attempt" to invoke the
jurisdiction of the appellate court, Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994).


 
The key is that the filing must be timely, dependent upon the method utilized. Tex. R. Civ. P.
329b(a) (motion for new trial must be filed with thirty days after the judgment or other order is
signed); id. 296 (request for finding of facts and conclusions of law must be filed within twenty
days after the judgment is signed); Tex. R. App. P. 41(a)(2) (request for extension of time must
be filed within fifteen days after the last day that the appeal could be perfected); Benyo v. Hem,
833 S.W.2d 714, 716 (Tex. App.—Houston [1st Dist.] 1992, no writ) (bona fide attempt must
itself be timely).
      William attempted to perfect this appeal two months and eight days after the judgment was
signed, more than one month too late. On October 17, our clerk notified him that the transcript
did not demonstrate that his appeal had been duly perfected. Tex. R. App. P. 56(a), 60(a)(2), 83. 
He responded by filing a motion and affidavit to proceed in forma pauperis in this court. 
However, this filing does not demonstrate that he timely perfected his appeal. Thus, even though
given the opportunity to cure the defect, he has not shown that he timely perfected his appeal or
that he has an excuse for not perfecting the appeal within thirty days of the judgment. Id. 41(a)(1),
83.
       Therefore, we dismiss this cause for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed November 20, 1996
Do not publish