YVONNE T. RODRIGUEZ, Justice
Appellant, Cleta J. Lindsay, appeals a declaratory judgment regarding the ownership of Pecos Water Station, Inc. and awarding a disputed tract of land to Pecos Water Station, Inc. We dismiss for lack of jurisdiction.
*761 BACKGROUND
On December 20, 2013, Appellee, Joni K. Lindsay, in her capacity of Dependent Administrator of the Estate of Roy Orey Lindsay, Sr. (Decedent) filed an original petition for a Declaratory Judgment pursuant to the Texas Uniform Declaratory Judgment Act. This action arose from the dependent administration in the estate of Roy Orey Lindsay, Sr., in the County Court of Reeves County, Texas. The original petition named eighteen defendants; nine individuals, five corporations, one bank, and three trusts. In general, the causes of action in the original petition included requests to the court for declaratory judgments regarding: (1) Decedent's interest in the corporate entities; (2) Decedent's interest in the trusts; (3) Decedent's interests in the bank accounts; (4) Decedent's interest in real estate; (5) Decedent's interest in various other assets; and (6) breach of fiduciary duties by any defendant or trustee.
Appellee alleged the Decedent "organized, formed, incorporated and owned an interest" in Pecos Water Station, Inc. ("Pecos"). Appellee requested the Court to "enter a Declaratory Judgment as to the name and identity and the interest owned of each of the shareholders of these entities, the class of shares owned, the identities of the proper officers and directors and the assets and liabilities of each entity" to include Pecos.
The court set a hearing on April 2, 2014, regarding ownership of Pecos and "[s]uch other matters that are brought before this court in a timely manner concerning Pecos Water Station, Inc." On April 29, the trial court entered an order declaring: Decedent "was and is" the sole owner of Pecos; Pecos is the sole owner of "that certain 2.5 acre tract of land situated in Reeves County;" the Warranty Deed dated March 12, 2010 of the 2.5 acre tract of land is voided and does not convey any interest to Appellant; and appointed Appellee director of one of the other corporations. Appellant requested a new trial and was overruled by operation of law. Subsequently, Appellant appealed the trial court's order of April 29.
DISCUSSION
Subject Matter Jurisdiction
Before reaching the merits of the appeal, we must first inquire into our own jurisdiction of the appeal, even if it is necessary to do so sua sponte. Juarez v. Texas Ass'n of Sporting Officials El Paso Chapter , 172 S.W.3d 274, 278 (Tex.App.-El Paso 2005, no pet.) ; Dallas County Appraisal Dist. v. Funds Recovery, Inc. , 887 S.W.2d 465, 468 (Tex.App.-Dallas 1994, writ denied) ; White v. Schiwetz, 793 S.W.2d 278, 281 (Tex.App.-Corpus Christi 1990, no writ). Subject matter jurisdiction is essential for a court to have authority to decide a case. Texas Ass'n of Bus. v. Texas Air Control Bd. , 852 S.W.2d 440, 443-44 (Tex. 1993). Subject matter jurisdiction is never presumed, and it cannot be waived. Id. Review of subject matter jurisdiction is a question of law, and we review questions of law de novo. Juarez , 172 S.W.3d at 277 ; see Mayhew v. Town of Sunnyvale , 964 S.W.2d 922, 928 (Tex. 1998).
Applicable Law
Generally, unless there is a statutory exception, a party may only appeal from a final judgment. Lehmann v. Har-Con Corp. , 39 S.W.3d 191, 195 (Tex. 2001). For purposes of appeal, a judgment becomes final when the judgment disposes of all pending parties and claims. Id. The finality of a judgment is determined by the language and the record of the case. Id. "The record may help illumine whether an order is made final by its own language, so *762 that an order that all parties appear to have treated as final may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise." Id. at 206.
Analysis
After reviewing the record, we conclude that the trial court's order of April 29, 2014, was not a final judgment, and consequently, could not be appealed because the order did not fully dispose of all the parties and claims. The order only ruled that Decedent was the sole and only owner of Pecos; that Pecos was the sole owner of the 2.5 acre tract of land in dispute; that the deed in which Decedent granted Appellant the 2.5 acre tract of land was void; and that Appellee shall act as the duly sole officer and director of another corporation. Nothing in the order nor in the record supports the contention that this was a final judgment, and thus appealable.
A comparison between the order of April 29 and the original petition makes it abundantly clear that the trial court's order resolved three of the innumerable issues presented by Appellee. The trial court's order addressed the issue of ownership of one corporation, appointed the director of another while declarations were still pending regarding other classes of assets and numerous other defendants. The interlocutory order did not address claims regarding: the trusts; the bank accounts; real estate; various other assets; and the breach of the fiduciary duties. Further, the order did not dispose of all the parties. Hence, we lack jurisdiction to hear this appeal.
Appellant's argument that this is appealable because "this case more closely resembles the probate and receivership class of cases which are excepted from the rule announced in [ Lehmann ]" is erroneous. This case does not arise from an order in the probate proceeding, which may allow the Appellant to use the exception to the Lehmann rule. In re Guardianship of Miller, 299 S.W.3d 179, 184 (Tex.App.-Dallas 2009, no pet.) ; De Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006). In probate cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." Lehmann, 39 S.W.3d at 192. These exceptions to the one-judgment rule are necessary because of the need to "review controlling, intermediate decisions before an error can harm later phases of the proceeding." In re Miller, 299 S.W.3d at 184 (citing De Ayala, 193 S.W.3d at 578 ). We are instructed to evaluate the finality of an order (1) by determining whether the order represents the adjudication of a "substantial right," and (2) by determining whether the order disposes of all issues in the phase of the proceeding for which it was brought. De Ayala , 193 S.W.3d at 578. The finality of an order is a legal question we review de novo. In re Miller , 299 S.W.3d at 184.
This case arises from an original petition for a declaratory judgment action filed as a separate, stand-alone proceeding in a district court. While the declaratory judgments sought by Appellee ostensibly for the purposes of determining the assets and liabilities of the Decedent's estate, the trial court's order does not dispose of all the issues in this phase of the proceeding, and in fact, does not dispose of all the issues pertaining to Appellant.[1]
*763 CONCLUSION
For the foregoing reasons, we dismiss.
Hughes, J., Not Participating

Appellee alleged a premarital agreement between Appellant and Decedent would bear upon the determination of Decedent's assets at the time of his death. Appellee also sought relief from the trial court regarding Appellant's rights of survivorship of Decedent's bank accounts and $900,000.00 that was allegedly improperly transferred to Appellant after Decedent's death from the Pecos bank accounts.