

# NUMBERS 13-20-00494-CV & 13-20-00495-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **CLAYTON RICHTER, DOROTHY RICHTER, AND JONATHAN RICHTER,** | **Appellants,** |

**v.**

| | |
|---|---|
| **CITY OF WAELDER, TEXAS,** | **Appellee.** |

### On appeal from the 25th District Court of Gonzales County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellants and cross-appellees Clayton Richter, Dorothy Richter, and Jonathan Richter (the Richters) sued appellee and cross-appellant the City of Waelder (the City) for various causes of action after leaks in the City's waterpipe caused multiple flooding incidents on the Richters' property. The trial court granted the City's plea to the jurisdiction

(original cause) and dismissed the Richters' suit. The Richters later filed a petition for bill of review in a separate cause (bill of review cause) which the trial court granted, thereby vacating its earlier judgment. Subsequently, in the original cause, the trial court signed a second judgment granting the City's plea to the jurisdiction. In this consolidated appeal,[1] the Richters argue that the trial court erred in granting the City's plea to the jurisdiction. In its cross-appeal, the City argues that the trial court erred in granting the Richters' petition for bill of review. We vacate the trial court's judgment in the original cause and dismiss both appeals.

## I.    JURISDICTION

As a threshold matter, we must determine our jurisdiction over these appeals. Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220. We have jurisdiction to decide appeals from final judgments and from interlocutory orders as permitted by the Texas Legislature. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We review de novo our jurisdiction over an appeal, and we may do so sua sponte when necessary. *Nunu v. Risk*, 567 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *In re Lindsay*, 538 S.W.3d 759, 761 (Tex. App.—El Paso 2017, no pet.). As we explain below, we lack jurisdiction over these appeals because the ultimate merits of this case were adjudicated in the wrong trial court proceeding.

---

[1] In appellate cause number 13-20-00494-CV, the Richters appeal the trial court's reissued judgment in the original cause. Appellate cause number 13-20-00495-CV concerns the Richters' appeal and the City's cross-appeal from the bill of review cause. We have consolidated the appeals for the purposes of briefing and submission.

"A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see* TEX. R. CIV. P. 329b(f) ("On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause[.]"). When a trial court grants a bill of review and sets aside a judgment in a prior case, the subsequent trial on the merits must occur in the bill of review proceeding, not in the underlying case in which the judgment is vacated. *Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 216 (Tex. App.—Fort Worth 2017, no pet.); *see Retzlaff v. Mendieta-Morales*, 356 S.W.3d 676, 679 (Tex. App.—El Paso 2011, no pet.).

Here, the trial court granted the Richters' petition for bill of review, thereby vacating the judgment in the original cause so that the suit could be retried. *See Alaimo*, 551 S.W.3d at 216; *see also Crabtree v. Crabtree*, 627 S.W.2d 486, 487 (Tex. App.—Corpus Christi–Edinburg 1981, no writ). However, instead of retrying the case in the bill of review cause, the trial court again granted the City's plea to the jurisdiction in the original cause. This action created two jurisdictional problems: (1) the bill of review judgment does not fully adjudicate the Richters' suit; and (2) the trial court signed the judgment in the original cause after its plenary power expired.

"The judgment in a bill of review proceeding is not final until the judgment: (1) denies any relief to the petitioner; or (2) grants the bill of review and sets aside the former judgment, insofar as it is attacked, and substitutes a new judgment which properly adjudicates the entire controversy." *Mungia v. Via Metro. Transit*, 441 S.W.3d 542, 545–

3

46 (Tex. App.—San Antonio 2014, pet. denied). An order granting a bill of review that sets aside a prior judgment without disposing of the case on the merits is interlocutory in nature and is not an appealable final judgment. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam).

The trial court's bill of review judgment fails to address the merits of the Richters' claim. Therefore, it is not a final, appealable order. *See Lehmann*, 39 S.W.3d at 195. Further, there is no statute authorizing an appeal from this interlocutory order. Accordingly, we lack jurisdiction over the bill of review cause. *See id*.

Further, the trial court's reissued judgment in the original cause is void. A judgment in a bill of review proceeding does not restore a trial court's plenary power in the underlying cause. *See Alaimo,* 551 S.W.3d at 217. The trial court signed the reissued judgment granting the City's plea to the jurisdiction on October 16, 2020, after its plenary power expired. Therefore, the order is void. *See In re Dansby*, 583 S.W.3d 838, 840 (Tex. App.—Dallas 2019, no pet.) (explaining that a judicial action taken after the trial court's plenary power expires is void). We do not have jurisdiction to address the merits of appeals from a void order or judgment. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). When a party attempts to appeal a void order, an appellate court must vacate the order and dismiss the appeal. *Id*.; *see State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

For the foregoing reasons, we hold that we lack jurisdiction over both appellate causes. *See Risk*, 567 S.W.3d at 465; *In re Lindsay*, 538 S.W.3d at 761. Our resolution of this appeal should not be construed as a final determination of the merits of the

Richters' suit, which must still be decided in the bill of review cause.

## II.    CONCLUSION

We vacate the trial court's October 16, 2020 order in appellate cause number 13-20-00494-CV, and we dismiss the appeal. We further dismiss the appeal in appellate cause number 13-20-00495-CV.

LETICIA HINOJOSA
Justice

Delivered and filed on the
12th day of August, 2021.