**WADKINS, et al., Appellants,**

**v.**

**DIVERSIFIED CONTRACTORS, et al., Appellees.**

**No. 01–86–0496–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 7, 1986.

Meyer Jacobson, Houston, for appellants.

Cynthia Thompson, Houston, for appellees.

Before EVANS, C.J., and SAM BASS and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a summary judgment. Appellees have filed a motion to dismiss the appeal for want of jurisdiction.

Summary judgment was granted against appellants on December 11, 1985. No motion for new trial was filed until March 26, 1986, when appellants filed a motion pursuant to Tex.R.Civ.P. 306a(4), claiming that they received no notice of the entry of judgment and did not learn of the judgment until February 24, 1986. The cost bond was not filed until June 6, 1986. We will assume that appellants met the requirements of rule 306a(4), and that the time table for filing the cost bond began running on February 24, 1986, the day appellant learned of the judgment.

An appellant perfects his appeal by filing a cost bond, deposit of cash or affidavit within 90 days from the date of judgment when a motion for new trial is filed. Tex.R.Civ.P. 354, 356. This time limit is jurisdictional. *Davies v. Massey*, 561 S.W.2d 799, 800–801 (Tex.1978).

An appellant may file the cost bond as much as 105 days after judgment but only if a proper motion for extension of time is filed within the same time period. Tex.R.Civ.P. 356(b). If no motion for extension of time is filed within the 15 day grace period provided for in rule 356(b), this Court has no authority to hear the appeal. *Davies v. Massey*, 561 S.W.2d at 800.

Appellants did not file their appeal bond until 102 days after the date the judgment was entered. More importantly, appellants did not file a motion for extension of time to file the bond. Consequently, we have no authority to entertain the appeal, and dismiss it for want of jurisdiction.

The appeal is dismissed.