**Floyd E. McDONALD, Appellant,**

v.

**Yvonne NEWMYER, Appellee.**

**No. 01–88–00188–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 6, 1989.

Rehearing Denied Sept. 14, 1989.

Preston C. Goodwin, Hagerman & Seureau, Spring, for appellant.

Joan E. Scroggins, Caldwell, for appellee.

Before WARREN, DUNN and HUGHES, JJ.

## OPINION

PER CURIAM.

This Court, on its own motion, dismisses this appeal for want of jurisdiction.

The appellate record must affirmatively reflect our jurisdiction. *University Interscholastic League v. Payne*, 635 S.W.2d 754, 756 (Tex.App.—Amarillo 1982, writ dism'd); *Stegall v. Cameron*, 601 S.W.2d 771, 773 (Tex.Civ.App.—Dallas 1980, writ dism'd). We have no authority to entertain an appeal where the appellant does not timely perfect the appeal. *Wadkins v. Diversified Contractors*, 714 S.W.2d 136, 137 (Tex.App.—Houston [1st Dist.] 1986, no writ). An appellant perfects the appeal by filing a cost bond, deposit of cash, or affidavit of inability to pay within 90 days from the date of judgment when a motion for new trial is filed. Tex.R.App.P. 40(a), 41(a)(1). The filing of the cost bond is a necessary and jurisdictional step in perfecting an appeal. *Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978).

Here, the trial court signed its final judgment on February 10, 1987. Appellant filed his motion for new trial on February 26, 1987. Under ordinary circumstances, this motion would have been overruled by operation of law on April 26, 1987. Tex.R. Civ.P. 329b(c). Appellant would have had to perfect his appeal by May 11, 1987, 90 days after the trial judge signed the judgment. Tex.R.App.P. 41(a)(1). Appellant did not file his cost bond until January 22, 1988, 346 days after the trial judge signed the judgment.

The record before us does indicate that, while the motion for new trial was pending, appellee Yvonne Newmyer filed bankruptcy proceedings, which stayed the district court action. *See* 11 U.S.C. § 362 (1982).

On September 30, 1987, the bankruptcy court granted relief from the stay. (Appellant filed a certified copy of this order with the trial court.) There is nothing in the record that indicates when appellee filed for bankruptcy protection or how long the stay tolled the appellate timetable. Even if we assume, however, that the stay was in effect from the date the judgment was signed until September 30, 1987, appellant did not timely perfect his appeal. Appellant filed his cost bond 114 days after the bankruptcy court lifted the stay. That filing was not timely.

The appellate record does not affirmatively reflect appellant's timely perfection of his appeal.

We dismiss the appeal.