**EL PASO SHARKY'S BILLIARD PARLOR, INC., Frank A. Ponce and Leticia Ponce, Appellants,**

**v.**

**Lily AMPARAN, Appellee.**

**No. 08–92–00039–CV.**

Court of Appeals of Texas, El Paso.

April 1, 1992.

Rehearing Overruled April 29, 1992.

Daniel Anchondo, Anchondo & Anchondo, El Paso, for appellants.

Ernesto Cisneros, Studdard & Melby, El Paso, for appellee.

---

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

PER CURIAM.

Appellants, El Paso Sharky's Billiard Parlor, Inc., Frank A. Ponce and Leticia Ponce, appeal from a judgment entered in the 168th District Court of El Paso County on November 1, 1991. This Court lacks jurisdiction to consider this matter because Appellants failed to timely file their cost bond and motion for extension of time. Accordingly, this appeal is dismissed for want of jurisdiction.

## I. ISSUES PRESENTED

The issues presented are whether a motion for extension of time to file a cost bond, timely filed with the trial court, but untimely filed with the appellate court, is sufficient to meet the mandate of Rule 41, Texas Rules of Appellate Procedure; and whether the "reasonable explanation" requirement of Rule 41(a)(2) for failure to timely file a cost bond is applicable to an appellant's failure to timely file a motion for extension of time in the appellate court.

## II. PROCEDURAL HISTORY

Judgment was entered against El Paso Sharky's Billiard Parlor, Inc., Frank A. Ponce and Leticia Ponce in favor of Appellee, Lily Amparan, on November 1, 1991. Appellants' motion for new trial was timely filed on November 22, 1991 and denied by the trial court on January 13, 1992. Appellants' cost bond, due January 30, 1992, was filed with the District Clerk of El Paso County on February 12, 1992, 13 days late. On February 14, 1992, Appellants filed their Motion for Extension of Time to File Cost Bond with the district clerk, rather than with the Clerk, Eighth District Court of Appeals. On February 18, 1992, Appellants filed their Motion for Leave to File Motion for Extension of Time to File Cost Bond with the appellate court. Appellants' Motion for Extension of Time to File Cost Bond was received the same day but not filed. On February 19, 1992, Appellants'

Amended Motion for Extension of Time to File Cost Bond was received but not filed. On March 4, 1992, this Court, pursuant to Tex.R.App.P. 41, denied Appellants' Motion for Leave to File Motion for Extension of Time to File Cost Bond. On March 13, 1992, Appellants filed yet another Amended Motion to Extend Time for Filing of Cost Bond.

## III. JURISDICTIONAL REQUIREMENTS TO PERFECT APPEAL

The normal process for the perfection of an appeal is the filing of a cost bond or deposit and giving notice of the filing to all other parties. When security for costs on appeal is required, the cost bond or affidavit in lieu thereof, is to be filed with the clerk within 30 days after the judgment is signed or within 90 days after the judgment is signed if a timely motion for new trial has been filed by a party. Tex. R.App.P. 41(a)(1). The failure to timely file the bond in the trial court creates a jurisdictional defect in the appeal. *Zidell v. NHP Real Estate Company*, 643 S.W.2d 199, 200 (Tex.App.—Austin 1982, no writ).

Texas Rules of Appellate Procedure, Rule 41(a)(1) provides that an extension of time may be granted by the appellate court for the late filing of a cost bond if such bond is filed no later than 15 days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension. Tex.R.App.P. 41(a)(1).

In the instant case, Appellants failed to timely file their cost bond with the trial court. Nonetheless, an extension of time may have been considered by the *appellate court* for Appellants' late filing of their cost bond if such bond was filed with the trial court not later than 15 days after the last day allowed, i.e., February 14, 1992, and, within that same period, a motion is filed in the appellate court reasonably explaining the need for such extension. Appellants filed their cost bond with the trial court on February 12, 1992, within 15 days from the last day allowed; however, their Motion for Extension of Time to file Cost

Bond was filed with the district clerk rather than the appellate court. Appellants subsequently filed their Motion for Leave to File Motion for Extension of Time to File Cost Bond with the appellate court on February 18, 1992, 4 days after the last day allowed. Insofar as Appellants failed to file their Motion for Extension of Time to File Cost Bond within the time permitted by law, the cost bond filed on February 12, 1992 is untimely, as being 13 days late.

█ Appellants have advanced their reasonable explanation for failing to file their motion for extension of time to file cost bond, that explanation being that the "Motion was not filed in the proper forum ... and that the mistake was due to a clerical and miscommunicated filing." Under our Texas Rules of Appellate Procedure, the "reasonable explanation" requirement of Rule 41(a)(2) pertains to the failure of a party to timely file a cost bond, not to the untimely filing of a motion for extension of time to file such bond. *See* Tex.R.App.P. 41(a)(2).

The time period for filing a cost bond within the ambit of the rules of appellate procedure is jurisdictional. *Davies v. Massey*, 561 S.W.2d 799, 800–801 (Tex.1978); *Wadkins v. Diversified Contractors*, 714 S.W.2d 136, 137 (Tex.App.—Houston [1st Dist.] 1986, no writ). Insofar as the Appellants' cost bond was filed on February 12, 1992, 13 days beyond the jurisdictional limits for the filing of such, and no motion for extension of time was filed with or granted by this Court for the late filing of such cost bond, this Court lacks the authority to entertain this appeal. *McDonald v. Newmyer*, 775 S.W.2d 652, 653 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

The attempted appeal is dismissed for want of jurisdiction.