Borsellino v. Borsellino 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-201-CV

     JESSICA BORSELLINO,
                                                                                              Appellants
     v.

     CHARLES A. BORSELLINO,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 94-00-03933-CV
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Jessica Borsellino attempts to appeal from an alleged judgment of the court denying her
petition for divorce. She has twice filed motions for extension of time to file an affidavit of
inability to pay costs. See Tex. R. App. P. 40(a)(3). She alleged in her first motion that she was
awaiting the court's findings of fact and conclusions of law before determining her steps on
appeal. In the second motion she claimed that the court has refused to enter an order denying her
divorce, "thus effectively thwarting the appeals process." Under either set of facts, we conclude
that we do not have jurisdiction and, thus, dismiss the appeal.
      A civil litigant who is not exempt from paying costs may perfect an appeal in one of three
ways—filing a cost bond, filing a cash deposit for costs, or filing an affidavit stating that she is
unable to pay the costs of the appeal. Id. 40(a)(1), (3); White v. Schiwetz, 793 S.W.2d 278, 279
(Tex. App.—Corpus Christi 1990, no writ). Generally, only governmental entities and their
agents are exempt from paying costs. See Tex. Civ. Prac. & Rem. Code Ann. §§ 6.01-6.03
(Vernon 1986 & Supp. 1994). When a private appellant is unable to pay the costs of the appeal,
she must file her affidavit of inability to pay within thirty days of the signing of the final order. 
See Tex. R. App. P. 40(a)(3)(A), 41(a)(1).
      In her first motion for extension of time, filed June 23, 1994, Borsellino alleged that the
thirty-day time period expired on June 10. Thus, she claimed that her motion was within the
fifteen-day period allowed by the rules for requesting an extension of time. See id. 41(a)(2). We
granted her motion extending the time for filing an affidavit of inability to pay cost to June 25, the
exact extension she requested. However, nothing has been filed in this court which indicates that
she met the deadline.
      If the court did deny her divorce petition sometime in the spring, we no longer have the power
to authorize an extension of time to file an affidavit of inability to pay costs. See id.; El Paso
Sharky's v. Amparan, 831 S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ denied). Perfecting the
appeal is a requirement to invoke our jurisdiction. See id. Thus, we have no jurisdiction over this
appeal under the facts alleged in her first motion for extension of time.
      In her second motion for extension, filed November 17, she alleges that the court's refusal
to enter the order denying her petition has forced her to request an extension of time. If no order
denying her petition has yet been entered, then there is no signed judgment to trigger the running
of the thirty-day period for filing her affidavit and no extension of time is necessary. See Tex.
R. App. P. 41(a)(1). Furthermore, there is no appealable order, which is necessary to invoke our
jurisdiction. See Tex Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1986). Again, we have
no jurisdiction over her appeal under the facts alleged in her second motion for extension of time.
      Therefore, we dismiss this cause for want of jurisdiction.
                                                                               PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed December 7, 1994
Do not publish