Carrillo v. Collins et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-038-CV

     VICTOR CARRILLO,
                                                                                              Appellant
     v.

     JAMES A. COLLINS, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,155
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Victor Carrillo attempts to appeal from the court's dismissal of his in forma pauperis petition. 
See Tex. Civ. Prac. & Rem. Code Ann. 13.001 (Vernon Supp. 1995). Because Carrillo failed
to perfect his appeal, we will dismiss for want of jurisdiction.
      The court signed an order dismissing Carrillo's suit on February 8, 1995. Carrillo filed a
notice of appeal on February 24. The transcript was filed in this court on March 1. Upon
examining the transcript, our clerk determined that Carrillo had not duly perfected his appeal, and
notified him of this defect by letter. See Tex. R. App. P. 40(a)(1), 56(a). After Carrillo requested
an extension of time, we granted him until June 15 "to properly perfect his appeal." See Grand
Prairie Sch. D. v. Southern Parts, 813 S.W.2d 499, 500 (Tex. 1991). On June 19, he filed an
"Affidavit of Inability to Pay Costs" in this court.
      Perfecting an appeal is required to invoke our jurisdiction. See Welch v. McDougal, 876
S.W.2d 218, 220-22 (Tex. App.—Amarillo 1994, writ denied); El Paso Sharky's v. Amparan, 831
S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ denied). Because Carrillo is not exempt from paying
the costs on appeal, he is required to file either a cost bond, a cash deposit, or an affidavit of
inability to pay costs to perfect this appeal. See Tex. Civ. Prac. & Rem. Code Ann. §§ 6.01-6.03 (Vernon 1986 & Supp. 1995); Tex. R. App. P. 40(a)(1), (a)(3); White v. Schiwetz, 793
S.W.2d 278, 279 (Tex. App.—Corpus Christi 1990, no writ). His notice of appeal is insufficient
to perfect the appeal. See id.
      However, because his notice of appeal is a bona fide effort to invoke our jurisdiction, we have
jurisdiction to allow him the opportunity to properly perfect his appeal. See Linwood v. NCNB
Texas, 885 S.W.2d 102, 103 (Tex. 1994). Included within the proper perfection of an appeal is
the filing of the appropriate instrument, within the appropriate time, in the appropriate court. See
Tex. R. App. P. 40(a)(1), 41(a)(1); Chavez v. Housing Authority, No. 8-93-00422-CV, slip op.
at 4-5, 1995 WL 221764, *2 (Tex. App.—El Paso, April 13, 1995, n.w.h.); El Paso Sharky's,
831 S.W.2d at 5. Carrillo's filing of an affidavit of inability to pay costs in this court does not
remedy the defect so that this appeal is properly perfected. See id.; also Tex. R. App. P. 55(b).
      Our clerk notified Carrillo that the transcript did not demonstrate that his appeal had been duly
perfected. See Tex. R. App. P. 56(a), 60(a)(2). Even though given the opportunity to cure the
defect, he has failed to properly perfect this appeal. See id. 40(a)(1), 83. Thus, the transcript
does not show that this court has jurisdiction and "after notice it [has] not [been] amended." See
id. 56(a).
      Therefore, we dismiss this cause for want of jurisdiction. See id.
                                                                               PER CURIAM

Before Justice Cummings and
            Justice Vance
            (Chief Justice Thomas not participating)
Dismissed for want of jurisdiction
Opinion delivered and filed June 28, 1995
Do not publish