Whitfield v. Officer Loya 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-213-CV

     RONALD DWAYNE WHITFIELD,
                                                                                              Appellant
     v.

     OFFICER LOYA,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,409
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Ronald Whitfield attempts to appeal from the court's dismissal of his in forma pauperis
petition. Tex. Civ. Prac. & Rem. Code Ann. 13.001 (Vernon Supp. 1995). Because he failed
to properly perfect his appeal, we will dismiss for want of jurisdiction.
      The court signed an order dismissing Whitfield's suit on June 14, 1995. He filed a notice of
appeal on June 21, and the transcript was filed in this court on June 30. Upon examining the
transcript, our clerk determined that Whitfield had not duly perfected his appeal, and notified him
of this defect by letter. Tex. R. App. P. 40(a)(1), 56(a). In response, he filed a brief claiming
that the court erred when it dismissed his suit. 
      Perfection of an appeal is required to invoke our jurisdiction. Welch v. McDougal, 876
S.W.2d 218, 220-22 (Tex. App.—Amarillo 1994, writ denied); El Paso Sharky's v. Amparan, 831
S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ denied). Because Whitfield is not exempt from
paying the costs on appeal, he is required to file either a cost bond, a cash deposit, or an affidavit
of inability to pay costs to perfect this appeal. Tex. Civ. Prac. & Rem. Code Ann. §§ 6.01-6.03
(Vernon 1986 & Supp. 1995); Tex. R. App. P. 40(a)(1), (a)(3); White v. Schiwetz, 793 S.W.2d
278, 279 (Tex. App.—Corpus Christi 1990, no writ). His notice of appeal is insufficient to
perfect the appeal. See id.
      However, because his notice of appeal is a bona fide effort to invoke our jurisdiction, we have
jurisdiction to allow him the opportunity to properly perfect his appeal. Linwood v. NCNB Texas,
885 S.W.2d 102, 103 (Tex. 1994). Included within the proper perfection of an appeal is the filing
of the appropriate instrument, within the appropriate time, in the appropriate court. See Tex. R.
App. P. 40(a)(1), 41(a)(1); Chavez v. Housing Auth. of El Paso, 897 S.W.2d 523, 526-27 (Tex.
App.—El Paso 1995, n.w.h.); El Paso Sharky's, 831 S.W.2d at 5.
      Our clerk notified Whitfield that the transcript did not demonstrate that his appeal had been
duly perfected. Tex. R. App. P. 56(a), 60(a)(2). Whitfield has not attempted to amend his
perfecting instrument to properly invoke this court's jurisdiction. Even though given the
opportunity to cure the defect, he has failed to properly perfect this appeal. Id. 40(a)(1), 83. 
Thus, the transcript does not show that this court has jurisdiction and "after notice it [has] not
[been] amended." Id. 56(a).
      Therefore, we dismiss this cause for want of jurisdiction. Id.
                                                                               PER CURIAM

Before Chief Justice Thomas 
            Justice Cummings and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed November 22, 1995
Do not publish



;    PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Interlocutory Appeal and Cross-Appeal dismissed
Opinion delivered and filed June 23, 1999
Publish