Ryder-D v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-018-CV

     DONNA RYDER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 7738-272
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Donna Ryder attempts to appeal from a judgment terminating her parent-child relationship
with two of her children and from the court's order following a status review hearing. She has
filed a motion to extend the time to file her affidavit of inability to pay the costs of this appeal. 
We will deny the motion because it is untimely. Because we deny the motion requesting an
extension of time, her affidavit of inability to pay costs is also untimely. Therefore, we will
dismiss her appeal from the termination proceeding for want of jurisdiction. Additionally, because
we conclude that we do not have subject matter jurisdiction over the review hearing order, we
dismiss her attempted appeal from that order.
      On September 5, 1995, the court signed a decree terminating Ryder's parental rights to the
children. She filed a motion for a new trial on October 5. Because the court did not rule on this
motion, it was overruled by operation of law seventy-five days after the judgment was signed, i.e.,
on November 19. Tex. R. Civ. P. 329b(c). As part of its continuing jurisdiction over the
children, the court held a review hearing on December 7. Tex. Fam. Code Ann. §§ 263.304,
263.305 (Vernon Supp. Pamph. 1996). On the same day, the court signed an order continuing
the placements of the two children. Ryder filed a notice of appeal on January 18, 1996, along with
an affidavit of inability to pay costs. On January 24, she filed in this court a motion for an
extension of time to file her affidavit of inability to pay costs.
Appeal of the Termination Judgment
      Because Ryder filed a motion for new trial, she had ninety days after the termination judgment
was signed to perfect her appeal. Tex. R. App. P. 41(a)(1). Thus, her affidavit of inability to pay
costs should have been filed by December 4. Failing to meet that deadline, she had an additional
fifteen days, i.e., until December 19, to file her affidavit in the trial court and a motion for
extension of time to file the affidavit in this court. Id. 41(a)(2). Because she failed to do either,
she has not timely perfected her appeal.
      The time period for filing an affidavit of inability to pay costs is jurisdictional. See Davies
v. Massey, 561 S.W.2d 799, 800 (Tex. 1978); El Paso Sharky's v. Amparan, 831 S.W.2d 3, 5
(Tex. App.—El Paso 1992, writ denied). Although Rule 41(a)(2) would allow us to grant a
motion for extension of time, we can only do so if the motion seeking an extension is filed in this
court within fifteen-days of the deadline for the perfecting instrument. Tex. R. App. P. 41(a)(2);
Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex. App.—Houston [1st Dist.] 1992, no
writ); El Paso Sharky's, 831 S.W.2d at 4-5. Because Ryder failed to file her affidavit within the
jurisdictional time period and failed to timely request an extension of time for its late filing, we
lack jurisdiction to entertain this appeal. Id.; McDonald v. Newmyer, 775 S.W.2d 652, 653 (Tex.
App.—Houston [1st Dist.] 1989, writ denied).
      Ryder argues that an order appointing an attorney to represent her signed by the court on
November 21 sufficiently perfected her appeal to confer jurisdiction on us. We have jurisdiction
over an appeal "if a party files an instrument in a bona fide attempt to invoke" our jurisdiction. 
Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994). Although the order establishes that
the appointed attorney shall represent Ryder "until the case is concluded, including appeal, if any,"
it does not attempt to invoke our jurisdiction. Thus, this order is not sufficient to perfect her
appeal. Id.
      Ryder also argues that she properly invoked our jurisdiction to consider the termination
judgment because her affidavit and motion for extension of time are timely with respect to the
review hearing order. Tex. R. App. P. 41(a)(2). We reject this contention because the order
terminating her parental relationship with the children is a final, appealable order. Durham v.
Barrow, 600 S.W.2d 756, 761 (Tex. 1980); Rodarte v. Cox, 828 S.W.2d 65, 71 (Tex.
App.—Tyler 1991, writ denied). Thus, the appellate timetable for complaining about any issue
resolved in that order began to run on the date it was signed. Tex. R. App. P.41(a)(1); State ex
rel. Latty v. Owens, 907 S.W.2d 484, 485-86 (Tex. 1995). Any complaints that she might bring
about the review hearing are not relevant to our jurisdiction over the termination order.
Appeal of the Review Hearing Order
      Ryder states that she also intends to directly appeal the court's December 7 order continuing
the foster care placements of the children. Thus, she argues, because her affidavit and motion for
extension of time were filed within the fifteen day period provided by rule 41(a)(2), we have
jurisdiction over the review hearing order. Tex. R. App. P. 41(a)(2).
      However, because her parental rights have been terminated, Ryder does not have standing to
appeal the outcome of the review hearing. See Tex. Fam. Code Ann. § 161.206(b); Tex. Ass'n
of Business v. Texas Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993); Reynolds v. Reynolds,
860 S.W.2d 568, 570-71 (Tex. App.—Dallas 1993, writ denied). Thus, because standing is a
component of our subject matter jurisdiction, we do not have jurisdiction over her attempted
appeal of the review hearing order. See id.
      Ryder's motion for extension of time to file her affidavit is untimely; therefore, we deny her
motion and dismiss her appeal of the termination judgment for want of jurisdiction. We do not
have subject matter jurisdiction over her appeal of the order following the review hearing because
she does not have standing to appeal from it; thus we also dismiss her attempted appeal of that
order for want of jurisdiction.
                                                                                           PER CURIAM
Before Justice Cummings, and
      Justice Vance
Motion denied; cause dismissed for want of jurisdiction
Opinion delivered and filed March 6, 1996 
Publish