Bell-DW v. Lawrence et al 

IN THE
TENTH COURT OF APPEALS
 

No. 10-96-044-CV

     DARRYL WAYNE BELL,
                                                                                              Appellant
     v.

     W. LAWRENCE, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,809
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Darryl Bell attempts to appeal from the court's dismissal of his in forma pauperis petition. 
Tex. Civ. Prac. & Rem. Code Ann. 13.001 (Vernon Supp. 1996). Because Bell failed to perfect
his appeal, we will dismiss for want of jurisdiction.
      The court signed an order dismissing Bell's suit on February 12, 1996. Bell filed a notice of
appeal on February 26. The transcript was filed in this court on February 29. Upon examining
the transcript, we determined that Bell had not duly perfected his appeal, and notified him of this
defect by letter. Tex. R. App. P. 40(a)(1), 56(a). On March 27, he filed an "Affidavit In Support
of Motion to Proceed on Appeal in Forma Pauperis" in this court.
      Perfection of an appeal is required to invoke our jurisdiction. Welch v. McDougal, 876
S.W.2d 218, 220-22 (Tex. App.—Amarillo 1994, writ denied); El Paso Sharky's v. Amparan, 831
S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ denied). Because Bell is not exempt from paying
the costs on appeal, he is required to file either a cost bond, a cash deposit, or an affidavit of
inability to pay costs to perfect this appeal. Tex. Civ. Prac. & Rem. Code Ann. §§ 6.01-6.03
(Vernon 1986 & Supp. 1996); Tex. R. App. P. 40(a)(1), (a)(3); White v. Schiwetz, 793 S.W.2d
278, 279 (Tex. App.—Corpus Christi 1990, no writ). His notice of appeal is insufficient to
perfect the appeal. Id.
      However, because his notice of appeal is a bona fide effort to invoke our jurisdiction, we have
jurisdiction to allow him the opportunity to properly perfect his appeal. Linwood v. NCNB Texas,
885 S.W.2d 102, 103 (Tex. 1994). Included within the proper perfection of an appeal is the filing
of the appropriate instrument, within the appropriate time, in the appropriate court. Tex. R. App.
P. 40(a)(1), 41(a)(1); Chavez v. Housing Auth. of El Paso, 897 S.W.2d 523, 526 (Tex. App.—El
Paso 1995, writ denied); El Paso Sharky's, 831 S.W.2d at 5. Bell's filing of an affidavit of
inability to pay costs in this court does not remedy the defect so that this appeal is properly
perfected. See id.; also Tex. R. App. P. 55(b).
      We notified Bell that the transcript did not demonstrate that his appeal had been duly
perfected. Tex. R. App. P. 56(a), 60(a)(2). Even though given the opportunity to cure the defect,
he has failed to properly perfect this appeal. Id. 40(a)(1), 83. Thus, the transcript does not show
that this court has jurisdiction and "after notice it [has] not [been] amended." Id. 56(a).
      Therefore, we dismiss this cause for want of jurisdiction. Id.
                                                                               PER CURIAM

Before Justice Cummings and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed April 10, 1996
Do not publish 

ate, 82 S.W.3d 64, 66-67 (Tex.
App.San Antonio 2002, pet. ref'd) (stating that if
a prospective juror responded to a question by stating that he would
automatically disbelieve a defendant's testimony simply because he was the
defendant, that person would be stricken for cause). Thus, the questions meet
the second Standefer prong for proper commitment questions. See Lydia, 117 S.W.3d at 906. Smith does not contend that the questions contained more
facts than necessary, but only that the questions were improper commitment
questions because they committed the venire to not considering whether the
victim was a bad guy, a gangster and not a saint in their deliberations. We
overrule issue one.

Improper Comments by Trial Court

 Smith complains that the trial court
made comments during voir dire, which vitiated the presumption of innocence and
improperly created a bias in favor of the victim. Smith admits he did not
object to these comments, but contends that they constitute fundamental error,
which requires no objection. He further contends that these comments
compounded the harm from the States improper commitment questions, although we
have determined that they were not, in fact, improper commitment questions in
Smiths first issue. 

 Without a contemporaneous objection,
error is generally waived, and in that instance, an appellate court may only
review fundamental error. See Jasper
v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001); Ganther v. State,
187 S.W.3d 641, 650 (Tex. App.Houston [14th Dist.] 2006, pet. ref'd); Tex. R. Evid. 103(d). Because Smith
failed to object at trial, the comments must rise to the level of fundamental
error to be preserved for appeal. To support his fundamental-error argument,
Smith relies primarily on Blue v. State. 41 S.W.3d 129 (Tex. Crim. App. 2000). In Blue, a plurality of the Court of Criminal Appeals held
that the trial court's comments explaining to the jury that the defendant had
attempted to enter into a plea bargain with the State and that the trial court
would have preferred a guilty plea vitiated the presumption of innocence before
the venire, constituted fundamental error and, therefore, required no
objection. Id. at 132-33.

 The first comments by the trial court
that Smith now contends vitiates his presumption of innocence went as follows:

[I]n every criminal case, , a defendant is
presumed to be innocent. That is, nobody has to prove thats another way of
saying nobody has to prove theyre not guilty. Its up to the prosecution to
prove a defendant guilty, if they can.

 

And up until the time they do that, the jury is
required to presume the defendant not guilty. And also, in conjunction with
this right not to right to be presumed innocent and right not to have to
prove theyre innocent is the right not to have to testify in order to prove
your innocence in a criminal case.

 

This has -- Ill visit this later again. This
really doesnt have any application in a civil case. Theres no Fifth Amendment
right in civil cases, but well get to that later. In other words, one party
or the other can call each others witnesses and each others plaintiff and
defendant in order to prove their case. But criminal cases, prosecution cant
call the defendant as a witness. The defendant is not required to be a witness
in the case because theyre not required to prove their innocence. 

 

To give you an example of that, suppose three
witnesses got on the witness stand that the prosecution called and each one of
those witnesses testified, I saw the defendant commit each and every element of
the indictment thats alleged in the offense. And I personally saw them do
that and I know they did that. And the prosecution put on three witnesses to
say that.

 

And the defense didnt say anything. They didnt
cross-examine the witnesses. They didnt present any witnesses of their own. They
didnt even call the defendant to the witness stand to say, I didnt do
what they say I did. In the event the defendant elects to do that, you
cannot take that as a circumstance against the defendant. And you cant
consider it as any evidence against the defendant.

 

And if you evaluate this prosecutions testimony
and you look at witness number one who said I saw the defendant do all this,
you may decide, well, that witness, when he got on the stand, was obviously
intoxicated. Im not even sure he understood the questions. It sounded like
the prosecution was spoon-feeding him. The second witness, hes absolutely
insane. He didnt tell the same story twice.

 

Even on direct examination, he kept wishy-washing
around. The third witness, he has such an ax to grind against the defendant
for whatever reason that he could you know, his testimony is just tainted
beyond belief because he just obviously really has something against the
defendant. So I really cant I dont really -- cant really buy all the
States witnesses on this case.

 

But you know what, the defense didnt put on any
witnesses. The defense the defendant didnt tell me he didnt do it. And so
even though the witnesses for the prosecution are shaky and theres not enough
to convince me beyond a reasonable doubt that the defendant committed the
offense, he must have because he didnt tell me he didnt do so. And so, therefore,
Im going to find him guilty.

 

Thats what you cant do. So if a defendant
elects not to testify, you cannot take that as a circumstance against him. On
the other hand, if the defense elects to put on a defense and suppose we had
those same shaky witnesses from the prosecution, and the prosecution put on
these shaky witnesses and you had the same feelings about them, saying, boy, I
cant wait to get back to the jury room because Im going to find these guys,
or whoever the defendant is, not guilty as quick as I can because the
prosecutions evidence is just pitiful and I couldnt find anybody guilty
beyond a reasonable doubt on this case.

 

But the defense, for whatever reason, they decide
not to rest because they want to hit that home run. They want that Guinness
Book of Records, jury verdict in less than two seconds, or for whatever
reason, they decide to put on a defense. And they put on witnesses and they
put on the defendant. And after listening to the defendant and listening
to their side of the case, even though at the first part of the case you said,
shoot, Im going to vote not guilty, after hearing the second part of the case
and after hearing the second set, boy, after I hear that testimony, Im
convinced beyond a reasonable doubt the defendant did commit the offense.

 

So if a defendant does not elect to testify, you
cant take that as a circumstance against them. If a defendant elects to
testify, then their testimony is just like any other testimony that may be
offered in the case and you can consider it in determining a verdict for guilty
or not guilty. Okay?

 

Reporters Record Volume 6, pages 55-58 (emphasis
added).

 Smiths complains of the two
italicized sections in the above section. He contends that the trial court
improperly commented on his right to remain silent when the trial court said,
They didnt even call the defendant to the stand to say and for whatever
reason, they decide to put on a defense. And they put on witnesses and they
put on the defendant. Taking the statements in the context in which they were
made, we cannot say that they constituted a comment on the Smiths right to
remain silent or that they vitiated Smiths presumption of innocence. See
Jasper, 61 S.W.3d at 421 (holding that, even under the reasoning of the Blue
plurality, the trial judge's comments would not rise to the level of
fundamental error); Ganther, 187 S.W.3d at 650-51 (concluding that, even
if court of appeals were bound by the Blue plurality, the trial judge's
comments during voir dire did not rise to the level of tainting the presumption
of innocence or vitiating the impartiality of the jury).

 Smiths other contention is that the
trial court erred in making comments that enhanced the States improper
commitment questions regarding the victims criminal history. The trial court
clarified the States question to the venireperson by stating that because a
person committed a crime in the past does not give the general public
permission to commit a crime against him free from prosecution, later using an
illustration of the St. Valentines Day Massacre when some gangsters lined
other gangsters up on a wall and executed them and that to do so is not
justifiable, but is still murder. No objection was lodged to the trial court
making improper comments or demonstrating bias to the jury. Smith now contends
that the trial courts references to gangsters imply that he is a guilty
gangster criminal which vitiated the presumption of innocence. 

We reject Smith's characterization of the trial
court's comments and conclude from our review of the record that none of the
court's complained-of comments rise to the level of fundamental error obviating
the need to object in the trial court. See Jasper, 61 S.W.3d at 421; Ganther,
187 S.W.3d at 650-51. Because Smith did not object to the trial court's
comments and because the alleged error was not fundamental error, Smith's
complaint has been waived. See Tex.
R. App. P. 33.1(a); Jasper, 61 S.W.3d at 421. We overrule issue
two.

Admissibility of Prior Convictions

 Smith filed a pre-trial motion to
testify free from impeachment by his prior convictions. Under Texas Rule of
Evidence 609(a), the credibility of a witness may be attacked with a prior
felony conviction or a conviction that involved moral turpitude. Tex. R. Evid. 609(a). Before the
evidence is admitted, the trial court must determine that the probative value
of the evidence outweighs its prejudicial effect to the party. Id.

 In this case, we do not reach the
merits of Smith's argument because he did not testify at trial and has not
otherwise indicated what his testimony would have been. See Jackson v.
State, 992 S.W.2d 469, 479 (Tex. Crim. App. 1999); Yanez v. State,
199 S.W.3d 293, 303 (Tex. App.Corpus Christi 2006, pet. ref'd); Caballero
v. State, 919 S.W.2d 919, 923 (Tex. App.Houston [14th Dist.] 1996, pet.
ref'd); Richardson v. State, 832 S.W.2d 168, 172 (Tex. App.Waco 1992,
pet. ref'd). To preserve error on a trial court's ruling
that permits the State to impeach a defendant with prior convictions, the
defendant must have testified. Jackson, 992 S.W.2d at 479 (citing
Luce v. United States, 469 U.S. 38, 43, 105 S. Ct. 460, 464, 83 L. Ed. 2d
443 (1984) (holding that a defendant must actually testify to preserve error on
improper impeachment under Federal Rule of Evidence 609(a)).;
Yanez, 199 S.W.3d at 303; Caballero, 919 S.W.2d at 923. A
reviewing court is unable to weigh the probative value of the proffered
testimony against its prejudicial effect without a factual record of the
appellant's testimony at trial. Jackson, 992 S.W.2d at 479; Yanez,
199 S.W.3d at 303; Caballero, 919 S.W.2d at 923. Without such a record,
there is no impeachment evidence for prior convictions and we cannot
sufficiently review for error. See Long v. State, 245 S.W.3d 563, 573 (Tex. App.Houston [1st Dist.] 2007, no pet.); Yanez, 199 S.W.3d at 303. Therefore,
we overrule Smiths third issue.

Brady Violation

 Smiths next complaint is that the State violated the requirements of
Brady v. Maryland regarding the production of exculpatory and
impeachment evidence. Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10
L. Ed. 2d 215 (1963). A prosecutor has an affirmative duty to turn
over material, favorable evidence to the defense. Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); Little v. State,
991 S.W.2d 864, 866 (Tex. Crim. App. 1999). To determine whether a
prosecutor's actions violate a defendant's due process rights, we employ a
three-part test. We consider whether: (1) the prosecutor failed to disclose
evidence; (2) the evidence is favorable to the accused; and (3) the evidence is
material (i.e., whether a reasonable probability exists that the result of the
proceeding would have been different if the evidence had been disclosed to the
defense). Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000); Little,
991 S.W.2d at 866. When, as here, the disclosure of evidence occurs at trial,
the issue becomes whether the tardy disclosure prejudiced Smith. Id. If Smith received the material in time to use it effectively at trial, his
conviction should not be reversed just because it was not disclosed as early as
it should have been. Id.

 Smith contends there were two Brady
violations: (1) that the State did not disclose the criminal history of the
victim in writing until the day of trial, and (2) that the name of the owner of
a firearm found on the ground near where Smith and his co-defendant were
stopped was not disclosed until near the close of the States case through a
witness for the State even though the State was aware of his identity
approximately four days prior to the witnesss testimony. However, it is
apparent from the record that Smith knew of the victims criminal history prior
to trial and was able to question him extensively about his criminal history
during his testimony. He did not ask for a continuance at any time to
investigate either of these issues. The trial court ruled that Smith would be
allowed to recall any witness that had previously testified to question them
about this information, although Smith did not do so. Further, regarding the
firearm, two firearms were located at that time, one of which was in the
vehicle and was registered to Smiths spouse. A loaded magazine fell out of
Smiths lap when he got out of the vehicle after law enforcement stopped him.
The gun owned by Smiths spouse was located in the console of the vehicle. The
magazine fit that firearm, and the firearm had a bullet in the chamber that
matched those in the magazine that had fallen from Smiths lap. Additionally,
Smith admitted to ownership of the firearm to the officer on the scene. The
issue regarding the identity of the owner of the gun was solely related to the
other firearm recovered on the ground near where Smiths vehicle was stopped.
Assuming without deciding that the failure to disclose the evidence would
constitute a Brady violation, we find that Smith has made no showing
that he was prejudiced by the tardy disclosure of the information. We overrule
Smiths issue four.

Adoption of Issues of Co-Defendant

 Smith requested this Court to allow him to adopt his co-defendants
issues on appeal. The State has objected to this. We deny this request. It
is the obligation of each defendant to raise all of his issues for appeal in
his brief. Tex. R. App. P.
38.1(f) (The brief must state concisely all issues or points presented
for review. (emphasis added)). Additionally, it is not the obligation of this
Court to create or restructure Smiths argument for him to make it fit his
case, which would likely be necessary in an analysis of issues raised by his
co-defendant and not by him.

Conclusion

 We find that the State did not ask improper commitment questions to
the venire panel. We also find that any error regarding the trial courts
comments is not fundamental error, and because there was no objection, that
issue is waived. We find that the trial court did not abuse its discretion in
denying Smiths motion to testify free from impeachment by his prior
convictions. We find that Smith did not establish that he was prejudiced by
any Brady violation. We deny Smiths request to adopt his
co-defendants issues on appeal. We affirm the judgment.

 

 TOM
GRAY

 Chief
Justice

 

Before Chief Justice
Gray,

 Justice
Reyna, and

 Justice Davis

Affirmed

Opinion delivered and
filed November 25, 2009

Do not publish 

[CRPM]

[1]
Because Smiths two cases were heard simultaneously, he has two separate
appeals pending, and he has filed briefs with identical arguments in each
appeal, we will consider both appeals in this opinion.

[2]
Smith was tried simultaneously on both charges together with his co-defendant,
Derek Boleware, who was also convicted of the burglary but acquitted of the
possession of a firearm by a felon charge (No. 10-08-00336-CR).