Mott v. Byrd 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-193-CV

     CARL MOTT,
                                                                                              Appellant
     v.

     GREGORY S. BYRD, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,146
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Carl Mott attempts to appeal from the court's dismissal of his in forma pauperis petition. 
Tex. Civ. Prac. & Rem. Code Ann. 13.001-.004 (Vernon Supp. 1997). Because he failed to
properly perfect his appeal, we will dismiss for want of jurisdiction.
      Perfection of an appeal is required to invoke our jurisdiction. Welch v. McDougal, 876
S.W.2d 218, 220-22 (Tex. App.—Amarillo 1994, writ denied); El Paso Sharky's Billiard Parlor,
Inc. v. Amparan, 831 S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ denied). Because Mott is not
exempt from paying the costs on appeal, he is required to file either a cost bond, a cash deposit,
or an affidavit of inability to pay costs to perfect this appeal. Tex. Civ. Prac. & Rem. Code
Ann. §§ 6.01-6.03 (Vernon 1986 & Supp. 1997); Tex. R. App. P. 40(a)(1), (a)(3); White v.
Schiwetz, 793 S.W.2d 278, 279 (Tex. App.—Corpus Christi 1990, no writ). A notice of appeal
generally is not a proper instrument by which one may perfect an appeal. See id.
      Mott filed his petition on February 6, 1995. The trial court signed an order dismissing his
suit on July 31, 1996. Mott filed a notice of appeal in this court on August 26, and the transcript
was filed in this court on August 30. Upon examining the transcript, our clerk determined that
Mott had not duly perfected his appeal, and she notified him of this defect by letter. Tex. R. App.
P. 40(a)(1), 56(a). On December 6, Mott filed a "Motion to Show Cause," contending that he had
indeed properly perfected his appeal because he had included in his notice of appeal an affidavit
of inability to pay costs. See Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001, 132.003 (Vernon
Pamph. 1997).
      To perfect an appeal, the appellant must file the appropriate instrument, within the appropriate
time, in the appropriate court. See Tex. R. App. P. 40(a)(1), 41(a)(1); Chavez v. Housing Auth.
of El Paso, 897 S.W.2d 523, 526-27 (Tex. App.—El Paso 1995, writ denied); El Paso Sharky's,
831 S.W.2d at 5. Mott's notice of appeal, filed in this court did not perfect his appeal because
it was not filed in the correct court. See id.; see also Tex. R. App. P. 55(b).
      Our clerk notified Mott that the transcript did not demonstrate that his appeal had been duly
perfected. Tex. R. App. P. 56(a), 60(a)(2). Even though given the opportunity to cure the defect,
he has failed to properly perfect this appeal. Id. 40(a)(1), 83. Thus, the transcript does not show
that this court has jurisdiction and "after notice it [has] not [been] amended." Id. 56(a).
      Therefore, we dismiss this cause for want of jurisdiction. Id.
                                                                               PER CURIAM

Before Chief Justice Davis 
         Justice Cummings and
         Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed December 18, 1996
Do not publish