IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00262-CV

No. 10-08-00263-CV

 

7.02 Acres of Land and $10,000

in united states currency,

                                                                                    Appellants

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court Nos. 07-07-19807-BCCV
and 07-07-19707-BCCV

 



MEMORANDUM  Opinion



 








            The parties have filed agreed motions to dismiss these appeals. 
Accordingly, the appeals are dismissed.  See Tex. R. App. P. 42.1(a)(1).

  

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed October 1, 2008

[CV06]






to appeal from a summary judgment granted in favor of Joe Jones in
a breach of fiduciary duty and conversion case. She has filed a motion for extension of time to
file her cost bond. Because we have determined that we lack jurisdiction, we will deny her motion
and dismiss this appeal.
PROCEDURAL HISTORY
      The trial court signed the complained-of judgment in favor of Jones on September 21, 1995. 
Whatley timely filed her motion for new trial on Monday, October 23 which was heard and
overruled by the court on November 27. On December 27, 1995—thirty days after the motion for
new trial was overruled, but ninety-seven days after the judgment was signed—Whatley filed a
cash deposit in lieu of appeal bond and in lieu of supersedeas bond (hereinafter "cash deposit") in
the trial court. Her cash deposit was seven days late. Tex. R. App. P. 41(a)(1). She filed a
Request and Motion for Extension of Time for Late Filing of Cost Bond and Supersedeas Bond
in this court on January 17, 1996, one-hundred and eighteen days following the signing of the
judgment, and twenty-eight days after the running of the ninety-day time limit to file the cost
bond. Id.
DISPOSITION
      Whatley relies on the "Extension of Time" provision in Rule 41 to support her claim that this
court may excuse her failure to timely file her cash deposit. Id. 41(a)(2). Her reliance is
misplaced. Rule 41(a)(2) provides: 
An extension of time may be granted by the appellate court for late filing of a cost bond . .
. if such bond . . . is filed not later than fifteen days after the last day allowed and, within the
same period, a motion is filed in the appellate court reasonably explaining the need for such
extension.

Id. (emphasis added).
      The time period for filing a cost bond is jurisdictional. Davies v. Massey, 561 S.W.2d 799,
800-01 (Tex. 1978); El Paso Sharky's v. Amparan, 831 S.W.2d 3, 5 (Tex. App.—El Paso 1992,
writ denied). Whatley's cash deposit should have been filed by December 20—ninety days
following the signing of the judgment. Tex. R. App. P. 41(a)(1). She did not file the cash deposit
until December 27. Although Rule 41(a)(2) would allow this court to grant a motion for extension
to file a cash deposit in this case up to fifteen days after the ninety-day period's expiration, we can
only do so if the motion seeking an extension is filed in the proper court within the same fifteen-day window. Id. 41(a)(2); Miller v. Miller, 848 S.W.2d 344, 344-45 (Tex. App.—Texarkana
1993, no writ); Ludwig v. Enserch Corp., 845 S.W.2d 338, 339-40 (Tex. App.—Houston [1st
Dist.] 1992, no writ); El Paso Sharky's, 831 S.W.2d at 5. Because Whatley failed to file her cash
deposit within the jurisdictional time period and failed to timely request an extension of time for
late filing of the cost bond, we lack jurisdiction to entertain the appeal. Id.; McDonald v.
Newmeyer, 775 S.W.2d 652, 653 (Tex. App.—Houston [1st Dist.] 1989, writ denied).
      Whatley argues that she had a "reasonable explanation," i.e., mistake of law, inadvertence,
or negligence, to excuse her untimely filing the Motion for Extension of Time to File. Although
Whatley is correct that a mistake of law can be a reasonable explanation under 41(a)(2), the
"reasonable explanation" pertains to the failure to timely file the cost bond, not to an untimely
motion for extension to file such bond. Ludwig, 845 S.W.2d at 340; El Paso Sharky's, 831
S.W.2d at 5.
      Whatley's motion for extension to file a cost bond is untimely; therefore, we deny her motion
and dismiss the appeal for want of jurisdiction.
                                                                               PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Motion denied; dismissed for want of jurisdiction
Opinion delivered and filed January 31, 1996
Do not publish